IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

F. MICHAEL HART, Guardian ad Litem
for T.M.,

    Plaintiff,

v.                                                                                         No. 13-cv-0824 MCA/SMV

WELLBRIDGE, INC.;
WELLBRIDGE CLUB MGMT., LLC;
NEW MEXICO SPORTS AND WELLNESS;
STARMARK CAMHOOD, LLC;
and STARMARK HOLDINGS, LLC;

    Defendants.

**ORDER GRANTING MOTION TO QUASH SUBPOENA**

THIS MATTER is before the Court on Plaintiff's Motion to Quash Subpoena Issued to Ms. Hallock & Motion for Protective Order [Doc. 37] ("Motion"), filed on January 3, 2014. Defendants responded on January 21, 2014. [Doc. 49]. Plaintiff replied on February 6, 2014. [Doc. 63]. The Court, having considered the briefing and relevant law, finds that the subpoena was not properly served on Ms. Hallock and therefore should be quashed. Because the Court determines that the subpoena should be quashed due to lack of proper service, the Court will not issue an advisory opinion on all other requested relief and denies it without prejudice.

Defendants contend that they were provided the address of Plaintiff's counsel as the address for Ms. Hallock. [Doc. 2] at 13. Review of the subpoena and proof of service reveal that the subpoena was served only on Plaintiff's counsel. [Doc. 37-1] at 1–2. Proper service under Fed. R. Civ. P. 45(b)(1) requires "delivering a copy to the named person." Fed. R. Civ. P. 45(a)(4) also requires that notice and a copy of the subpoena provided to all other parties

before service of the subpoena is served "on the person to who it is directed." A straightforward reading of the Rules make clear that service on Plaintiff's counsel is not sufficient to effectuate service on a third party. *See also Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (finding that service of a subpoena on an attorney was insufficient); *E.A. Renfroe & Co., Inc. v. Moran*, No. 08-cv-00732 RPM-KMT, 2008 WL 1815535, at *3–6 (D. Colo. Apr. 18, 2008) (discussing proper service of a subpoena).

Because the Court finds that the subpoena should be quashed due to defective service, the Court does not address Plaintiff's remaining arguments, including whether Plaintiff's counsel has an attorney-client relationship with Ms. Hallock. Plaintiff was required to provide Defendants with Ms. Hallock's address pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff shall supplement his initial disclosures to provide Defendants with Ms. Hallock's address and phone number by **March 5, 2014**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Subpoena Issued to Ms. Hallock & Motion for Protective Order [Doc. 37] is hereby **GRANTED in part** and Defendant's subpoena is hereby **QUASHED.** All other relief is **DENIED** without prejudice.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**